UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                              Plaintiff,

            -against-

CORRECTION OFFICER PARILLA,

                              Defendant.

21-CV-1893 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Manhattan Detention Complex (MDC),
brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his
constitutional rights. By order dated March 26, 2021, the Court granted Plaintiff's request to
proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below,
the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this
order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,
fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480
F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks
subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any
of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572
F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A frequent *pro se* litigant may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

## BACKGROUND

The complaint sets forth the following facts. On or about November 2, 2020, Plaintiff filed a notice of appeal from an order of service signed by Judge Torres in an ongoing case, *Fredricks v. Doe,* ECF 1:20-CV-5738 (AT) (JLC). Plaintiff appealed the order because it contained a "deadline past 60 days." (*Id.*, ECF 28.) The Second Circuit mailed forms to Plaintiff, and Plaintiff twice handed those forms to Defendant Correction Officer Parilla for mailing. Although CO Parilla told Plaintiff that she put the forms in the MDC mail system, they "never made it" to their "destination." A Second Circuit clerk told Plaintiff over the telephone that the forms were not received. The appeal was dismissed without prejudice because the Second Circuit did not receive from Plaintiff either the appeal fees or an IFP application. *See Fredricks v. Doe*, 20-3918 (2d Cir. Feb. 17, 2021). (ECF 2 at 10.)

Plaintiff also claims that he called the Pro Se Intake Unit of this Court several times to ask about a discovery order that Judge Torres had issued in 20-CV-5738, and he was told that the order was "still pending."[2]

---

[2] See footnote 4 below.

**DISCUSSION**

A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Similarly, to state a claim based on mail tampering or other interference with legal mail, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation" unless there are allegations of invidious intent or actual harm. *Id.* at 351-52 (citing, *inter alia*, *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)).

Plaintiff has not alleged the existence of an ongoing practice or invidious intent. Because Plaintiff's claim concerns his efforts to file an appeal, the question remaining is whether he was harmed in his effort to pursue a meritorious appeal.

Plaintiff was attempting to appeal an order of service. As a general matter, courts of appeals only have jurisdiction to review "final decisions" of district courts.[3] 28 U.S.C. § 1291; *Toussie v. Powell*, 323 F.3d 178, 184 (2d Cir. 2003). Final decisions "are those that end the litigation on the merits, leaving nothing for the court to do but execute the judgment." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). An order of service is not a final decision – it is not even a decision on the merits – and is therefore not appealable.

Because Plaintiff does not suggest that he was harmed in his effort to pursue any meritorious legal matter, he fails to state a claim that he has been denied access to the courts or denied his right to send and receive legal mail.[4]

According to the Public Access to Court Electronic Records (PACER) system, Plaintiff has filed nine civil actions in this Circuit from July 2020 to date. *See Fredricks v. Doe,* ECF 1:20-CV-5738 (AT) (JLC) (S.D.N.Y. filed July 21, 2020) (pending civil rights complaint), *appeal dismissed*, 20-3918 (2d Cir. Feb. 17, 2021); *Fredricks v. Doe,* ECF 1:20-CV-5792, 4 (CM) (S.D.N.Y. Aug. 30, 2020) (dismissing civil rights complaint without prejudice as duplicative); *Fredricks v. Doe,* ECF 1:20-CV-11043, 7 (LLS) (S.D.N.Y. Mar. 4, 2021) (transferring complaint to the Eastern District of New York, where it remains pending under Docket Number 21-CV-1307); *Fredricks v. Doe,* ECF 1:21-CV-00553, 2 (GBD) (JLC) (S.D.N.Y. filed Jan. 21, 2021)

---

[3] Although there are some exceptions to this rule, none are applicable here.

[4] Plaintiff also refers in his complaint to a discovery dispute with Defendants in 20-CV-5738. If Plaintiff seeks relief in that case, he must do so by submitting a letter or motion to Judge Torres rather than filing a notice of appeal or initiating a new civil action.

(pending civil rights complaint); *Fredricks v. Hallet,* ECF 1:21-CV-3690, 1 (LTS) (S.D.N.Y. filed Apr. 26, 2021) (pending *habeas corpus* petition); *Fredricks v. Debra,* ECF 1:21-CV-01122, 5 (LLS) (S.D.N.Y. Feb. 26, 2021) (directing Plaintiff to amend his complaint); *Fredricks v. Hoe,* ECF 1:21-CV-1855, 2 (S.D.N.Y. filed Mar. 2, 2021) (pending civil rights complaint); *Fredricks v. Borden*, ECF 17-CV-00015 (N.D.N.Y. Feb. 11, 2021) (staying trial pending Plaintiff's release from custody). A review of the dockets in those cases shows that Plaintiff is apparently receiving court mail on a regular basis and timely responding to orders and other submissions in those matters. In light of this litigation history and ongoing filing activity, Plaintiff will be hard-pressed to show a violation of his constitutional right to either access the courts or to the free flow of legal mail.

The Court also finds that Plaintiff is or should already be aware of federal pleading requirements. *See Sledge*, 564 F.3d at 109 (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Because Plaintiff is proceeding *pro se*, in an abundance of caution, the Court grants him leave to amend his complaint to allege facts suggesting that Defendants' actions violated his constitutional rights, should any exist.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1893 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  June 1, 2021
        New York, New York

_____
/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name           Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City           State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 2:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 3:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

Defendant 4:

First Name                    Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                              Plaintiff's Signature

_____
First Name                              Middle Initial          Last Name

_____
Prison Address

_____
County, City                                   State                          Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____