UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                Plaintiff,

-against-

CORRECTION OFFICER JANE PARILLA;
WARDEN OF M.D.C.,

                Defendants.

21-CV-1893 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated in the Vernon C. Bain Center and proceeding *in forma pauperis* (IFP), filed this *pro se* complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was detained in the Metropolitan Detention Center (MDC). By order dated June 1, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on September 15, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND AND DISCUSSION

The following facts are taken from Plaintiff's pleadings[1] and publicly available court records.

### A.  *Fredericks v. Doe,* ECF 1:20-CV-5738, 10 (*Fredricks I.*)

Plaintiff has a matter pending in this District before Judge Analisa Torres. *See Fredericks v. Doe,* 20-CV-5738 (AT) (*Fredrick I*). On August 20, 2020, Judge Torres issued an order that, among other things, directed the City of New York, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to provide within sixty days the identities of four correction officers. (*Id.*) On October 19, 2020, Defendants requested an extension of time to comply with the *Valentin* order, and Judge Torres granted that request. Plaintiff filed a notice of appeal, either because Defendants did not timely comply with the *Valentin* order, or because he disagreed with Judge Torres's decision to grant Defendants an extension of time. Plaintiff also filed an application for leave to proceed IFP on appeal and a motion for an extension of time to file a notice of appeal. (*Id.,* ECF Nos. 26-28.) Judge Torres denied as untimely the motion for an extension of time to appeal, and denied the IFP application, noting that Defendants had properly sought and been granted an extension of time. (*See Frederick 1*, ECF No. 30.)

Plaintiff subsequently filed two IFP applications and a number of other documents in the Second Circuit that for a number of reasons were stricken as "defective." *See Fredricks v. Doe*, 20-3918-cv (2d Cir.) (ECF Nos. 16-17, 27-30, 39-40, 44-45). On January 17, 2021, the Second Circuit notified Plaintiff that the appeal would be dismissed unless he submitted a proper IFP

---

[1] Although the amended complaint is the operative pleading, the Court relies on facts asserted in the original complaint that are not included in the amended complaint. (ECF Nos. 1, 10.)

application by February 17, 2021. *Id.* (2d Cir. Jan. 17, 2021). The appeal was dismissed by mandate issued April 6, 2021. (*Id.*, ECF No. 55.)

**B.    This action**

In Plaintiff's original complaint in this matter, he alleged that he twice gave to MDC Correction Officer Jane Parilla documents to mail to the Second Circuit for the appeal in *Frederick I.* (ECF 1:21-CV-1893, 1.) A Second Circuit clerk told Plaintiff that the documents were never received. (*Id.*) Plaintiff alleges that Parilla deliberately did not mail those documents, and that her omissions were retaliatory. Plaintiff did not explain why Parilla might retaliate against him. (*Id.*)

In the June 1, 2020 order to amend, the Court construed Plaintiff's complaint as alleging, under the First Amendment, that Parilla interfered and tampered with his legal mail and retaliated against him, and granted him leave to amend his complaint to provide facts to support those claims. (ECF 7.) The Court noted that Plaintiff's appeal in *Frederick I* was from a non-final order, and therefore he had not shown that Parilla had hindered his efforts to pursue a meritorious legal matter. (*Id.*) The Court further noted that Plaintiff has filed nine civil actions in this Circuit since July 2020, and that

> a review of the dockets in those cases shows that Plaintiff is apparently receiving court mail on a regular basis and timely responding to orders and other submissions in those matters. In light of this litigation history and ongoing filing activity, Plaintiff will be hard-pressed to show a violation of his constitutional right to either access the courts or to the free flow of legal mail.

(*Id.*) (listing cases).

In the amended complaint, which names C.O. Parilla and adds as a defendant the MDC Warden, Plaintiff reiterates the assertions that Defendants retaliated against him and tampered and interfered with his legal mail. (ECF 10.) The amended complaint suffers from the same deficiencies as the original complaint. It fails to show that Plaintiff was prevented from litigating

3

a meritorious legal matter or that any Defendant either tampered with his mail or retaliated against him. The Court therefore dismisses the amended complaint for the reasons set forth in the June 1, 2021 order.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 1, 2021
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge